1  CHRISTOPHER S. DUNAKIN (SBN 192096)
2  WILCOX DUNAKIN CHRISOPOULOS LLP
   30900 Rancho Viejo Road, Ste. 200
   San Juan Capistrano, California 92675
3  Telephone:  (949) 272-0800
   Facsimile:   (949) 272-0789
4  chris@wdc-law.com

5  Attorneys for Plaintiff PREFERRED
   CONTRACTORS INSURANCE CO.,
6  RRG, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, LLC, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) DECLARATORY RELIEF;** |
| MD MECHANICAL; MICHAEL ANTHONY DIAZ; NIBCO, INC.; WESTERN NEVADA SUPPLY COMPANY; AIG PROPERTY CASUALTY COMPANY; and DOES 1-80, Inclusive, | **(2) REIMBURSEMENT** **PURSUANT TO 28 U.S.C. §§ 2201 and 2202** |
| Defendants. | |

COMES NOW plaintiff Preferred Contractors Insurance Company, RRG, LLC ("PCIC") and, on information and belief, hereby alleges the following against defendants MD Mechanical, Michael Anthony Diaz, NIBCO, Inc., Western Nevada Supply Company, AIG Property Casualty Company, and DOES 1 to 50:

**NATURE OF THE ACTION**

1. This is an insurance coverage action seeking declaratory relief (and reimbursement) pursuant to 28 U.S.C. §§ 2201 and 2202. PCIC seeks a judicial determination that it has no duty to defend or indemnify defendants MD

Mechanical and Michael Anthony Diaz under PCIC commercial general liability policies issued to defendant MD Mechanical regarding claims asserted in underlying actions—<u>AIG Casualty Co. v. NIBCO, Inc., et al. (and related third-party complaint)</u>, United Stated Federal Court – Eastern District of California, Case No. 2:20-CV-00197-JAM-EFB—filed by defendants AIG Property Casualty Company, NIBCO, Inc., Western Nevada Supply Co. The underlying action arises from an alleged water loss and resulting damage in or about January 2017 at property located at 2380 Sunnyside Lane, Tahoe City, California ("SUBJECT PROPERTY").

## PARTIES

2.  At all times herein mentioned, PCIC is and was a corporation organized and existing under the laws of the State of Montana, duly qualified to do business in the State of California as an insurance company. PCIC issued commercial general liability policies during relevant periods of time to defendant MD Mechanical.

3.  Based on information and belief, and at all times herein mentioned, defendant MD Mechanical is a business solely owned by defendant Michael Anthony Diaz as an individual and resident of California, the specific business organization form of MD Mechanical unknown, with each conducting business in California under or pursuant to a California Contractor's license (No. 475565), with a principal place of business and/or residence in Portola, California, and each is subject to the jurisdiction of the Federal Court in California.

4.  Based on information and belief, AIG Property Casualty Company ("AIG") is and was a corporation organized and existing under the laws of the State of Delaware, duly qualified to do business in California as an insurance company, that provided insurance to non-parties/insureds Kevin Douglas and Michelle Douglas for the SUBJECT PROPERTY. AIG has alleged it paid its insureds $2,883,125.65 for damages arising from the alleged water loss and

resulting damage in or about January 2017 at the SUBJECT PROPERTY, and based thereon asserts it is subrogated to its insureds rights and has now brought the underlying complaint—<u>AIG Casualty Co. v. NIBCO, Inc., et al. (and related third-party complaint)</u>, United Stated Federal Court – Eastern District of California, Case No. 2:20-CV-00197-JAM-EFB ("UNDERLYING COMPLAINT")—against defendants NIBCO, Inc. and Western Nevada Supply Co. for damages.

    a.    <u>EXHIBIT A</u>: A true and correct copy of the operative UNDERLYING COMPLAINT is attached hereto, and incorporated herein as if fully restated, as Exhibit "A."

5.    Based on information and belief, and at all times herein mentioned: (a) defendant NIBCO, Inc. is and was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Elkhart, Indiana, and is subject to the jurisdiction of the Federal Court in California; and (b) defendant Western Nevada Supply Co. is and was a corporation organized and existing under the laws of the State of Nevada, with its principal place of busines in Sparks, Nevada. On or after service of the UNDERLYING COMPLAINT, defendants NIBCO, Inc. and Western Nevada Supply Co. filed a related THIRD-PARTY COMPLAINT for Equitable Indemnity against defendants MD Mechanical and Michael Anthony Diaz.

    b.    <u>EXHIBIT B</u>: A true and correct copy of the operative related THIRD-PARTY COMPLAINT is attached hereto, and incorporated herein as if fully restated, as Exhibit "B."

6.    The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as DOES 1-80 are unknown to PCIC who, therefore, sues said defendants, and each of them, by fictitious names, and will ask leave of the Court to amend this complaint to show their true names and capacities when the same have been ascertained. PCIC is informed and believes and thereon alleges that defendants sued herein as DOES 1 through 80, inclusive, do in some manner claim some right, interest or entitlement arising from

the UNDERLYING COMPLAINT (*e.g.*, Ex. "A") and related THIRD-PARTY COMPLAINT (*e.g.*, Ex. "B"), and/or the claims asserted therein, under a policy or policies of insurance issued by PCIC.

7. PCIC is informed and believes and thereon alleges that at all times herein mentioned, defendants MD Mechanical and Michael Anthony Diaz (as the owner of MD Mechanical), and DOES 1 through 20, and each of them, were the agents, servants, employees, insurers, contractors or subcontractors for MD Mechanical and/or Michael Diaz (as the owner of MD Mechanical) and each other, and/or joint venturers of each and one another.

8. PCIC is informed and believes and thereon alleges that at all times herein mentioned, defendant AIG and DOES 21 through 40, and each of them, were the agents, servants, owners, insurers, re-insurers, subsidiaries or otherwise related to each other, and/or joint venturers of each and one another.

9. PCIC is informed and believes and thereon alleges that at all times herein mentioned, defendant NIBCO, Inc. and DOES 41 through 60, and each of them, were the ventures agents, servants, employees, insurers, contractors or subcontractors for each other, and/or joint venturers of each and one another.

10. PCIC is informed and believes and thereon alleges that at all times herein mentioned, defendant Western Nevada Supply Co. and DOES 61 through 80, and each of them, were the ventures agents, servants, employees, insurers, contractors or subcontractors for each other, and/or joint venturers of each and one another.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

12. An actual justiciable controversy between PCIC and defendants, and each of them, within the meaning of 28 U.S.C. § 2201 regarding exists as more

particularly described below regarding: (1) whether PCIC has a duty to defend or indemnify under the PCIC Policies identified in this Complaint with respect to the claims asserted in the UNDERLYING COMPLAINT (e.g., Ex. "A") and related THIRD-PARTY COMPLAINT (e.g., Ex. "B"); and (2) whether PCIC is entitled to reimbursement from its insureds (defendants MD Mechanical and/or Michael Anthony Diaz) of amounts paid in defense/indemnity of non-covered claims asserted in the UNDERLYING COMPLAINT (e.g., Ex. "A") and related THIRD-PARTY COMPLAINT (e.g., Ex. "B").

13.   This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

14.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim—e.g., the UNDERLYING COMPLAINT (e.g., Ex. "A") and related THIRD-PARTY COMPLAINT (e.g., Ex. "B") are venued in this judicial district, the facts and/or allegations giving rise to the UNDERLYING COMPLAINT (e.g., Ex. "A") and related THIRD-PARTY COMPLAINT (e.g., Ex. "B") occurred in this judicial district, and the PCIC Policies were issued to defendant MD Mechanical as a resident of this judicial district—occurred in this judicial district and the defendants reside in this judicial district.

## THE POLICIES

15.   PCIC did have in force and effect Commercial General Liability policy numbers PCIC5015-PCA76843-01 (eff. 5/22/2011-2012) issued to defendant MD Mechanical.

   a.   <u>EXHIBIT C:</u>  A true and correct copy of PCIC5015-PCA76843-01 (eff. 5/22/2011-2012) is attached herewith as

Exhibit "C" and incorporated herein by this reference as though set forth in full.

16. PCIC did have in force and effect Commercial General Liability policy numbers PCIC5015-PCA76843-02 (eff. 5/22/2012-2013) issued to defendant MD Mechanical.

    a. <u>EXHIBIT D:</u> A true and correct copy of PCIC5015-PCA76843-02 (eff. 5/22/2012-2013) is attached herewith as Exhibit "D" and incorporated herein by this reference as though set forth in full.

17. PCIC did have in force and effect Commercial General Liability policy numbers PCIC5015-PCA76843-03 (eff. 5/22/2013-2014) issued to defendant MD Mechanical.

    a. <u>EXHIBIT E:</u> A true and correct copy of PCIC5015-PCA76843-03 (eff. 5/22/2013-2014) is attached herewith as Exhibit "E" and incorporated herein by this reference as though set forth in full.

18. PCIC did have in force and effect Commercial General Liability policy numbers PCIC5015-PCA76843-04 (eff. 5/22/2014-2015) issued to defendant MD Mechanical.

    a. <u>EXHIBIT F:</u> A true and correct copy of PCIC5015-PCA76843-04 (eff. 5/22/2014-2015) is attached herewith as Exhibit "E" and incorporated herein by this reference as though set forth in full.

19. PCIC did have in force and effect Commercial General Liability policy numbers PCIC5015-PCA76843-05 (eff. 5/22/2015-2016) issued to defendant MD Mechanical.

    a. <u>EXHIBIT G:</u> A true and correct copy of PCIC5015-PCA76843-05 (eff. 5/22/2015-2016) is attached herewith as Exhibit "E" and incorporated herein by this reference as though

set forth in full.

20. PCIC did have in force and effect Commercial General Liability policy numbers PCIC5015-PCA76843-06 (eff. 5/22/2016-2017) issued to defendant MD Mechanical.

    a. <u>EXHIBIT H:</u> A true and correct copy of PCIC5015-PCA76843-06 (eff. 5/22/2016-2017) is attached herewith as Exhibit "E" and incorporated herein by this reference as though set forth in full.

## **THE DISPUTE**

21. This matter arises insurance claims for liability coverage based on an alleged water loss and resulting damage in or about January 2017 at property located at 2380 Sunnyside Lane, Tahoe City, California ("SUBJECT PROPERTY"). As alleged by defendant AIG in the UNDERLYING COMPLAINT, and based on its investigation, the water loss and resulting damage at the SUBJECT PROPERTY was caused by a defect in a water valve designed, approved, recommended, manufactured, assembled, built, tested, inspected, marketed, distributed, contracted for manufacture and/or sold/distributed by defendants NIBCO, Inc. and/or Western Nevada Supply Co. (Ex. "A", ¶¶ 6–14.)

22. Defendant AIG caused to be filed the UNDERLYING COMPLAINT asserting causes of action in subrogation for damages therein against defendants NIBCO, Inc. and Western Nevada Supply Co. (and DOES 1 to 25). The UNDERLYING COMPLAINT attached herein as EXHIBIT "A" is incorporated again by this reference as though set forth in full.

23. Defendants NIBCO, Inc. and Western Nevada Supply Co., on or after service of the UNDERLYING COMPLAINT, caused to be filed the related THIRD-PARTY COMPLAINT asserting a cause of action for Equitable Indemnity against defendants MD Mechanical and Michael Anthony Diaz regarding the

claims asserted by AIG in the UNDERLYING COMPLAINT. Based on information and belief, it is understood claims for equitable indemnity against defendants MD Mechanical and Michael Anthony Diaz are based on their installation of the water valve at issue. The related THIRD-PARTY COMPLAINT is attached herein as EXHIBIT "B" is incorporated again by this reference as though set forth in full.

24. Following service of the THIRD-PARTY COMPLAINT, the claims against defendants MD Mechanical and Michael Anthony Diaz were tendered for defense and/or indemnification to PCIC under the PCIC Policies attached herein as Exhibits "C"–"H".

25. PCIC accepted tender of defense on behalf of defendants MD Mechanical and Michael Anthony Diaz, subject to an express written reservation of rights letter dated April 2, 2020 (the "Reservation of Rights").

    a. EXHIBIT I: A true and correct copy of the written Reservation of Rights dated April 2, 2020 is attached hereto as Exhibit "I" and incorporated herein by this reference as though set forth in full.

26. A dispute has arisen between the parties regarding their respective rights and obligations in connection with the PCIC Policies (Exs. "C"–"H") regarding the UNDERLYING ACTION and related THIRD-PARTY COMPLAINT (Exs. "A"–"B"). PCIC reserved the right to deny coverage, obtain a judicial determination of coverage, and reimbursement of amounts paid in defense and/or indemnification of non-covered claims in accord with an express written reservation of rights letter dated April 2, 2020 (Ex. "I"). PCIC does not have an adequate remedy at law to adjudicate said controversy. Based thereon, PCIC requests a judicial declaration of its rights and obligations, and a right to reimbursement of amounts paid for non-covered claims, pursuant to 28 U.S.C. §§ 2201 and 2202.

# FIRST CAUSE OF ACTION
## DECLARATORY RELIEF
## PURSUANT TO 28 U.S.C. §§ 2201
### (AGAINST ALL DEFENDANTS)

27. PCIC repeats and repleads each and every allegation contained in paragraphs 1 through 25 as though set forth in full.

28. PCIC contends that as there is no actual or potential insurance coverage under the PCIC Policies (Exs. "C"–"H") for the claims asserted in the UNDERLYING COMPLAINT and related THIRD-PARTY COMPLAINT (Exs. "A"–"B"); it is under no obligation to defend or indemnify defendants MD Mechanical and Michael Anthony Diaz and DOES 1 through 20 regarding claims asserted in the UNDERLYING COMPLAINT (Ex. "A") or related THIRD-PARTY COMPLAINT (Ex. "B"), and that it is under no obligation in connection with any settlement or judgment arising from the – " UNDERLYING COMPLAINT (Ex. "A") or related THIRD-PARTY COMPLAINT (Ex. "B") for the reasons and policy provisions expressly set forth in the express written reservation of rights letter dated April 2, 2020 (Ex. "I").

    a. The damages and/or claims alleged against the PCIC's insureds (defendants MD Mechanical and Michael Anthony Diaz) in the UNDERLYING COMPLAINT (Ex. "A") or related THIRD-PARTY COMPLAINT (Ex. "B") occurred as a result of an incident or "occurrence" (e.g., water valve failure) at the SUBJECT PROPERTY in or about January 13, 2017 and are based on their work at the SUBJECT PROPERTY which was and is in excess of 5000 square feet.

    b. PCIC did have in force and effect Commercial General Liability policies issued to MD Mechanical effective from May 22, 2011–May 22, 2017 (Exs. "C"–"H"). Each PCIC policy

issued to defendant MD Mechanical provides liability coverage under the plain language of the policies for "bodily injury" or "property damage" caused by an "occurrence" that first takes place or begins during the "policy period" (as those terms are defined under the PCIC POLICY). Accordingly, liability coverage (if any) for the claims against defendants MD Mechanical and Michael Anthony Diaz under the PCIC Policies is limited to PCIC Policy No. PCIC5015-PCA76843-06 effective May 22, 2016–May 22, 2017 (Ex. "H").

c. Liability coverage under the referenced PCIC policies is subject to certain additional exclusions and/or limitations addressing the claims at issue, including but not limited those set forth in the express written reservation of rights letter dated April 2, 2020 (Ex. "I") and incorporated as if fully restated herein.

d. Specifically, liability coverage for the claims at-issue under PCIC Policy No. PCIC5015-PCA76843-06 effective May 22, 2016–May 22, 2017 (Ex. "H")—the liability policy at issue based on the incident or "occurrence" giving rise to the damages at issue taking place on or about January 13, 2017—is subject to and excluded from coverage pursuant to the plain language of the following "Residential Size Restriction" Exclusion, which states:

This insurance does not apply to:

**al.   Residential Size Restriction**

Any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury", arising out of, resulting from, caused by, contributed to by, or in any way related, in whole or in part, from any work or operations performed by you or any contractors, subcontractors, leased workers, independent contractors, or individuals regardless of employment status, working

COMPLAINT
- 10 -

> directly or indirectly on your behalf in connection with any residential project in which the residential dwelling equals or exceeds five thousand square feet (5,000 sq. ft.).
>
> For purposes of this exclusion, "residential project" shall include any and all work performed at the residence or on the property in which the dwelling is located.
>
> For purposes of this exclusion, the 5,000 square foot residential dwelling restriction shall include any additional dwellings or living areas on the property, including, but not limited to guest house(s), or any structure used as a residence.

28.  PCIC is informed and believes, and on such information and belief alleges, that defendants, and each of them, dispute PCIC's contentions regarding the lack of coverage under the PCIC Policies (Exs. "C"–"H") as set forth above, and as expressly detailed in the express written reservation of rights letter dated April 2, 2020 (Ex. "I"), and it has no adequate remedy at law. Consequently, PCIC requires a judicial declaration of its rights and obligations and the rights and obligations of the other parties herein.

## SECOND CAUSE OF ACTION
## *BUSS* REIMBURSEMENT
## PURSUANT TO 28 U.S.C. §§ 2202
## (AGAINST MD MECHANICAL, MICHAEL ANTHONY DIAZ AND DOES 1 TO 20, INCLUSIVE)

29.  PCIC repeats and repleads each and every allegation contained in paragraphs 1 through 28 as though set forth in full.

30.  PCIC has afforded defendants MD Mechanical, Michael Anthony Diaz, and DOES 1 TO 20, a full and complete defense to the UNDERLYING COMPLAINT (Ex. "A") and/or related THIRD-PARTY COMPLAINT (Ex. "B"), subject to and in accord with the express written reservation of rights letter dated April 2, 2020 attached hereto as Ex. "I" and incorporated herein, including but not

limited to a reservation of its right to obtain reimbursement for payment(s) of non-covered defense fees, costs and other payments in accordance with the principles set forth in *Buss v. Superior Court* (1997) 16 Cal.4th 35.  (See, Ex. "I", p. 15.)

31.  PCIC is entitled to reimbursement from defendants MD Mechanical, Michael Anthony Diaz and DOES 1 through 20 for defense fees, costs and all sums paid regarding defense and/or indemnity of claims in the UNDERLYING COMPLAINT (Ex. "A") and/or related THIRD-PARTY COMPLAINT (Ex. "B") that are not covered under the PCIC Policies (Exs. "C"–"H") in accord with the express written reservation of rights letter dated April 2, 2020 (Ex. "I") or, alternatively, it requests that the Court allocate payments in accordance therewith and award reimbursement in an amount according to proof.

## PRAYER

WHEREFORE, plaintiff Preferred Contractors Insurance Company, RRG, LLC prays for judgment as follows:

### AS TO THE FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF
### (AGAINST ALL DEFENDANTS)

1.  A judicial declaration that plaintiff Preferred Contractors Insurance Company, RRG, LLC has no obligation to defend or indemnify defendants MD Mechanical, Michael Anthony Diaz and DOES 1 through 20 under the PCIC Policies (Exs. "C"–"H") in connection with the UNDERLYING COMPLAINT (Ex. "A") and/or related THIRD-PARTY COMPLAINT (Ex. "B"); and that plaintiff Preferred Contractors Insurance Company, RRG, LLC is under no obligation in connection with any settlement, award or judgment against defendants MD Mechanical, Michael Anthony Diaz and DOES 1 through 20 (or in favor of defendants AIG Property Casualty Co., NIBCO, Inc., Western Nevada

Supply Co., or DOES 21-80, in connection with the UNDERLYING COMPLAINT (Ex. "A") and related THIRD-PARTY COMPLAINT (Ex. "B").

## AS TO THE SECOND CAUSE OF ACTION
## FOR *BUSS* REIMBURSEMENT
## (AGAINST MD MECHANICAL, MICHAEL ANTHONY DIAZ AND DOES 1 TO 20, INCLUSIVE)

2. A judicial declaration that plaintiff Preferred Contractors Insurance Company, RRG, LLC is entitled to reimbursement of fees, costs and payments incurred in the defense of the UNDERLYING COMPLAINT (Ex. "A") and related THIRD-PARTY COMPLAINT (Ex. "B") from defendants MD Mechanical, Michael Anthony Diaz and DOES 1 through 20, inclusive, in an amount according to proof.

## AS TO ALL CAUSES OF ACTION

3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: September 24, 2020        WILCOX DUNAKIN CHRISOPOULOS, LLP

By: _____
CHRISTOPHER S. DUNAKIN
Attorneys for Plaintiff PREFERRED
CONTRACTORS INSURANCE
COMPANY, RRG, LLC