**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

AIG PROPERTY CASUALTY COMPANY ,

V.

NIBCO, INC. , ET AL. ,

**SUMMONS IN A CIVIL CASE**

CASE NO: 2:20-CV-00197-JAM-EFB

TO: **Michael Diaz, MD Mechanical**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**Timothy J. Ryan
Ryan Law Group
400 Capitol Mall, Suite 2540
Sacramento, CA 95814**

an answer to the complaint which is served on you with this summons, within 21 days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**KEITH HOLLAND**

CLERK

/s/ A. Kastilahn

(By) DEPUTY CLERK



ISSUED ON 2020-02-06 08:23:41.0 , Clerk
USDC EDCA

Case 2:20-cv-00197-JAM-EFB   Document 6   Filed 02/06/20   Page 2 of 2

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify) : _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date

*Signature of Server* _____

*Address of Server* _____

1   TIMOTHY J. RYAN (99542)
    REBEKKA R. MARTORANO (173600)
2   THE RYAN LAW GROUP
    400 Capitol Mall, Suite 2540
3   Sacramento, California 95814
    Telephone: (916) 924-1912
4   Facsimile: (916) 923-3872
    tryan@ryanlg.com
5   rmartorano@ryanlg.com

6   Attorneys for Defendants and Third-Party Plaintiffs
    NIBCO, INC. and WESTERN NEVADA SUPPLY CO.
7

8                  **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10  AIG PROPERTY CASUALTY                )   Case No. **2:20-CV-00197-JAM-EFB**
    COMPANY                              )
11                                       )
                                         )
12            Plaintiff,                 )   **DEFENDANTS NIBCO, INC. AND**
                                         )   **WESTERN NEVADA SUPPLY CO.'S**
    v.                                   )   **THIRD-PARTY COMPLAINT FOR**
13                                       )   **INDEMNITY**
                                         )
14  NIBCO, INC.; WESTERN NEVADA          )
    SUPPLY; and DOES 1 to 25, inclusive, )
15                                       )
                                         )
16            Defendants.                )
                                         )
17  NIBCO, INC. AND WESTERN NEVADA       )
    SUPPLY CO.,                          )
18                                       )
                                         )
19            Third-Party Plaintiffs,    )
                                         )
20  v.                                   )
                                         )
21                                       )
                                         )
22  MD MECHANICAL; MICHAEL DIAZ,         )
    and ROES 1 to 25, inclusive,         )
23                                       )
                                         )
24            Third-Party Defendants.    )
                                         )
25

26      COME NOW Defendants NIBCO, Inc. and Western Nevada Supply Co. ("Third-Party

27  Plaintiffs") and bring this Third-Party Complaint for indemnity against MD Mechanical, Michael

28

1 | Diaz and ROES 1 through 25, and allege as follows:

2 |     1.  Third-Party Plaintiff NIBCO, Inc. is, and was at all times herein mentioned, a

3 | corporation organized and existing under the laws of the State of Indiana, with its principal place

4 | of business in Elkhart, Indiana and Third-Party Plaintiff Western Nevada Supply Co. is, and was

5 | at all times mentioned, a corporation organized and existing under the laws of the State of

6 | Nevada, with its principal place of business in Sparks, Nevada.  Said parties are hereinafter

7 | referred to collectively as "Third-Party Plaintiffs."

8 |     2.  Third-Party Defendant MD Mechanical is, and was at all times herein mentioned, a

9 | business organization, form unknown.

10 |     3.  Third-Party Defendant Michael Diaz is, and was at all times herein mentioned, an

11 | individual and resident of California.

12 |     4.  Third-Party Defendants ROES 1 through 25, inclusive, are sued herein under fictitious

13 | names. The true names and capacities are unknown to Third-Party Plaintiffs. When their true

14 | names and capacity are ascertained, Third-Party Plaintiffs will amend this Third-Party Complaint

15 | by inserting their true names and capacities herein.  Third-Party Plaintiffs are informed and

16 | believe and thereon allege that each of the fictitiously named Third-Party Defendants are

17 | responsible in some manner for the occurrences herein alleged, and that Third-Party Plaintiffs'

18 | damages as herein alleged were proximately caused by those Third-Party Defendants. Each

19 | reference in this Third-Party Complaint to "Third-Party Defendant," or "Third-Party

20 | Defendants," or a specifically named Third-Party Defendant refers also to all Third-Party

21 | Defendants sued under fictitious names.

22 |     5.  Each Third-Party Defendant is, and was at all times relevant, the agent, servant, and

23 | employee of each of the other Third-Party Defendants. Each Third-Party Defendant committed

24 | the acts herein alleged in the course and scope of such agency, servanthood, and employment,

25 | under the direction and control of, for the benefit of, at the instance, request and behest of each

26 | of the other Third-Party Defendants, who each ratified and confirmed the acts of each of the

27 | other Third-Party Defendants. Third-Party Plaintiffs are unaware at this time of the exact nature

28 |

1    of all of the relationships among the Third-Party Defendants, but when such are made known to

2    Third-Party Plaintiffs, will amend this Third-Party Complaint accordingly.

3        6.  Third-Party Plaintiffs refer to the Complaint in the action entitled AIG Property

4    Casualty Company v. NIBCO, Inc., Superior Court of the State of California for the County of

5    Placer Case No. SCV004420 filed December 19, 2019 ("the Complaint") and, without admitting

6    any of the allegations contained therein, by this reference incorporate said allegations as though

7    fully set forth herein.

8                          **FIRST CAUSE OF ACTION**

9                 **(For Equitable Indemnity against Third-Party Defendants)**

10       7.  Third-Party Plaintiffs incorporate by this reference all preceding paragraphs as though

11   fully set forth at length herein.

12       8.  By virtue of the doctrine of Equitable Implied Indemnity, Third-Party Plaintiffs are

13   faced with a potential loss, which in good conscience, equity, and justice they would not be faced

14   with absent of the conduct of Third-Party Defendants MD Mechanical, Michael Diaz, and ROES

15   1 through 25, and each of them. If the allegations of the Complaint filed by Plaintiff AIG

16   Property Casualty Company ("Plaintiff") are found to be true, the responsibility, if any, of Third-

17   Party Plaintiffs, or either of them, for the alleged damage and injuries of Plaintiff, if any, should

18   be reduced based upon the proportionate share of fault as compared with that of Third-Party

19   Defendants and each of them.

20       WHEREFORE, Third-Party Plaintiffs pray for judgment against Third-Party Defendants

21   MD Mechanical, Michael Diaz and ROES 1 through 25, and each of them, as follows:

22       1.  That if Third-Party Plaintiffs, or either of them, is held responsible for judgment in

23   favor of Plaintiff, that judgment be rendered in the same amount against Third-Party Defendants

24   MD Mechanical, Michael Diaz and ROES 1 through 25, and each of them and in favor of Third-

25   Party Plaintiffs herein;

26       2.  For an order of the Court that Third-Party Plaintiffs are entitled to be fully indemnified

27   by Third-Party Defendants MD Mechanical, Michael Diaz and ROES 1 through 25, and each of

28

1  them, for any and all settlements or compromises entered into by Third-Party Plaintiffs;

2       3. For reasonable attorneys' fees, pursuant to California Code of Civil Procedure, section

3  1021.6, and any and all other reasonable expenses incurred in connection with the defense of the

4  action filed by Plaintiff;

5       4. For costs of suit incurred herein; and

6       5. For such other and further relief as the court may deem just and proper.

7

8  Dated:   February 3, 2020            THE RYAN LAW GROUP

9

10                   By:   /s/ Timothy J. Ryan

11                      TIMOTHY J. RYAN
                     REBEKKA R. MARTORANO

12                      Attorneys for Defendants and Third-Party
                     Plaintiffs NIBCO, INC. and WESTERN

13                      NEVADA SUPPLY CO.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:20-at-00087   Document 1   Filed 01/27/20   Page 1 of 2

JS 44 (Rev. 02/19)
## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AIG Property Casualty Company | NIBCO, INC. and Western Nevada Supply Co. |

| (b) County of Residence of First Listed Plaintiff   New York | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Maura Ochoa; David Kestenbaum; (415) 344-9670<br>GROTEFELD HOFFMAN LLP<br>700 Larkspur Landing Circle, Ste 280, Larkspur, CA 94939 | Attorneys *(If Known)*<br>Timothy J. Ryan; Rebekka R. Martorano; (916) 924-1912<br>THE RYAN LAW GROUP<br>400 Capitol Mall, St. 2540, Sacramento, CA 95814 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☒ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
      Proceeding

☒ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      Another District
      *(specify)*

☐ 6 Multidistrict
      Litigation -
      Transfer

☐ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C Section 1441(b)
Brief description of cause:
Property damage to private home

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.C.V.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
## IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

| DATE<br>01/27/2020 | SIGNATURE OF ATTORNEY OF RECORD<br>*[signature]* |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  TIMOTHY J. RYAN (99542)
   REBEKKA R. MARTORANO (173600)
2  THE RYAN LAW GROUP
   400 Capitol Mall, Suite 2540
3  Sacramento, California 95814
   Telephone: (916) 924-1912
4  Facsimile: (916) 923-3872
   tryan@ryanlg.com
5  rmartorano@ryanlg.com

6  Attorneys for Defendants NIBCO, INC. and
   WESTERN NEVADA SUPPLY CO.
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11 AIG PROPERTY CASUALTY                )  Case No.
   COMPANY                              )
12                                      )  **NOTICE OF REMOVAL OF ACTION**
                                        )  **UNDER 28 U.S.C. § 1441(b);**
13             Plaintiff,               )  **DECLARATION OF REBEKKA R.**
                                        )  **MARTORANO; DEMAND FOR JURY**
14 v.                                   )  **TRIAL**
                                        )
15 NIBCO, INC.; WESTERN NEVADA          )
   SUPPLY; and DOES 1 to 25, inclusive, )  Complaint Filed: December 19, 2019
16                                      )
                                        )
17             Defendants.              )
                                        )
18 ─────────────────────────────────── )

19         TO THE CLERK OF THE ABOVE ENTITLED COURT:

20         PLEASE TAKE NOTICE that NIBCO, INC. and WESTERN NEVADA SUPPLY CO.

21 ("Defendants") hereby remove to this Court the state court action described below.

22    1. On December 19, 2019, an action was commenced in the Superior Court of the State of

23       California in and for the County of Placer, entitled <u>AIG Property Casualty Company v.</u>

24       <u>NIBCO, Inc., Western Nevada Supply, and DOES 1 to 25, inclusive</u> as Case No.

25       SCV0044205. A copy of the Complaint is attached hereto as Exhibit A.

26    2. The dates on which Defendants first received a copy of the Complaint are as follows:

27       NIBCO, Inc. received a copy of the Complaint and a summons from the state court on or

28

   ──────────────────────────────────────────────────────────
   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B); DECLARATION OF REBEKKA R.**
   **MARTORANO; DEMAND FOR JURY TRIAL**
   1

about January 3, 2020 and Western Nevada Supply Co. received a copy of the Complaint and a summons from the state court on or about January 7, 2020. Copies of both summonses are attached hereto as Exhibit B.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Defendants are informed and believe that Plaintiff is a corporation incorporated in the State of Pennsylvania having its principal place of business in the State of New York. Defendant NIBCO, Inc. was at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Indiana, having its principal place of business in the State of Indiana. Defendant Western Nevada Supply Co. was at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Nevada, having its principal place of business in the State of Nevada.

5. Defendants are informed and believe that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs on the basis that Plaintiff has provided Defendants with a damage summary and documentation reflecting alleged damages in the amount of $2,883,625.65 arising from an alleged water loss and resulting damage to a private home located in Tahoe City, California.

Dated:  January 27, 2020          THE RYAN LAW GROUP


By: /s/ Rebekka R. Martorano
    TIMOTHY J. RYAN
    REBEKKA R. MARTORANO
    Attorneys for Defendants
    NIBCO, INC. and WESTERN
    NEVADA SUPPLY CO.

# DECLARATION OF REBEKKA R. MARTORANO

I, Rebekka R. Martorano, declare:

1.  I am an attorney at law licensed to practice before all Courts of the State of California and the United States District Court, Eastern District of California. I am counsel of record for Defendants in this action. I am personally familiar with the facts stated herein. I make this Declaration in support of Defendants NIBCO, Inc. and Western Nevada Supply Co.'s Notice of Removal of Action.

2.  Attached hereto as Exhibit A is a true and correct copy of the complaint filed in the Superior Court of the State of California in and for the County of Placer, commencing the action entitled <u>AIG Property Casualty Company v. NIBCO, Inc., Western Nevada Supply, and DOES 1 to 25, inclusive.</u>

3.  I am informed and believe that the first date upon which NIBCO, Inc. received a copy of the complaint was January 3, 2020, when NIBCO, Inc. received by mail a copy of the complaint and a summons from the state court. I am informed and believe that the first date when Western Nevada Supply Co. received a copy of the complaint was January 7, 2020, when Western Nevada Supply Co. received by mail a copy of the complaint and summons from the state court. Attached hereto as Exhibit B is a true and correct copy of both summonses.

4.  I am is informed and believe that Plaintiff is a corporation incorporated in the State of Pennsylvania having its principal place of business in the State of New York. Defendant NIBCO, Inc. was at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Indiana, having its principal place of business in the State of Indiana. Defendant Western Nevada Supply Co. was at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Nevada, having its principal place of business in the State of Nevada.

---

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B); DECLARATION OF REBEKKA R. MARTORANO; DEMAND FOR JURY TRIAL**

1     5. In or about October 2019, Plaintiff provided Defendants with a damage summary and

2          documentation reflecting alleged damages in the amount of $2,883,625.65 arising

3          from an alleged water loss and resulting damage to a private home located in Tahoe

4          City, California, which is the subject of this action.

5     I declare under penalty of perjury under the laws of the United States of America that the

6     foregoing is true and correct, and that this declaration was executed on January 27, 2020 in

7     Sacramento, California.

8                              */s/ Rebekka R. Martorano*

9                              REBEKKA R. MARTORANO

10

11

12                            **JURY DEMAND**

13     Defendants NIBCO, INC. and WESTERN NEVADA SUPPLY CO. hereby demand a

14     trial by jury in this action.

15

16     Dated:  January 27, 2020           THE RYAN LAW GROUP

17

18                        By:  */s/ Rebekka R. Martorano*

19                           TIMOTHY J. RYAN
                                REBEKKA R. MARTORANO

20                                Attorneys for Defendants
                                NIBCO, INC. and WESTERN

21                                NEVADA SUPPLY CO.

22

23

24

25

26

27

28

# EXHIBIT A

1  Maura Walsh Ochoa (SBN 193799)
   David Kestenbaum (SBN 253749)
2  GROTEFELD HOFFMANN LLP
   700 Larkspur Landing Circle, Suite 280
3  Larkspur, CA 94939
   Telephone: 415.344.9670
4  Facsimile: 415.989.2802

5  Attorneys for Plaintiff
   AIG PROPERTY CASUALTY COMPANY A/S/O KEVIN DOUGLAS AND MICHELLE
6  DOUGLAS

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          FOR THE COUNTY OF PLACER

11  AIG PROPERTY CASUALTY COMPANY    )   Case No.: SCV0044205

12              Plaintiff,            )
                                      )
13      vs.                           )
                                      )   COMPLAINT FOR PROPERTY
14  NIBCO, INC.; WESTERN NEVADA       )   DAMAGE
    SUPPLY; and DOES 1 through 25, inclusive, )
15                                    )
              DEFENDANTS.             )
16                                    )
                                      )
17                                    )

18

19        NOW COMES Plaintiff AIG PROPERTY CASUALTY COMPANY ("AIG") by and

20  through its attorneys GROTEFELD HOFFMANN and for its Complaint against DEFENDANTS

21  NIBCO, INC. ("NIBCO"); WESTERN NEVADA SUPPLY ("WESTERN NEVADA"); and

22  DOES 1 through 25, (collectively "DEFENDANTS") and allege that at all pertinent times herein

23  upon information and belief as follows:.

24

25                              THE PARTIES

26        1.  Plaintiff AIG PROPERTY CASUALTY COMPANY ("AIG") was and is an

27  insurance carrier licensed to conduct and transact business in the State of California as an

28  insurance company   At all relevant times, Plaintiff AIG provided policies of insurance to its

                                        1

                           Complaint for Property Damage

1   insureds, Kevin Douglas and Michelle Douglas ("the INSUREDS"), for their property, located at

2   2380 Sunnyside Lane, Tahoe City, California.

3       2.   At all relevant times, Defendant NIBCO, INC. was and is a manufacturer, supplier,

4   And/or distributor of plumbing supplies and accessories including water valves authorized to

5   conduct and transact business in the State of California.

6       3.   At all relevant times, Defendant WESTERN NEVADA was and is a distributor for

7   plumbing supplies and accessories and operated as a supplier and seller of such products.

8   WESTERN NEVADA was authorized to conduct and transact business in the State of California.

9       4.   DEFENDANTS DOES One (1) through Twenty-five (25), inclusive, are unknown to

10  Plaintiff who therefore sues said DEFENDANTS by such fictitious names. Plaintiff is informed

11  and believes and thereon alleges that each of the DEFENDANTS designated herein as DOE is

12  legally responsible in some manner for the events and happenings referred to herein. Plaintiff

13  will seek leave to amend this Complaint when the true names and capacities of DEFENDANTS

14  sued as DOES One (1) through Twenty-five (25) are ascertained.

15      5.   Plaintiff is informed and believes that, at all pertinent times, DEFENDANTS were the

16  agents and employees of their co-DEFENDANTS and in doing the things alleged in this

17  Complaint were acting within the course and scope of that agency and employment.

18

19                           **GENERAL ALLEGATIONS**

20      6.   At all relevant times, the INSUREDS owned real and personal property located at

21  2380 Sunnyside Lane, Tahoe City, California ("SUBJECT PROPERTY").

22      7.   This action arises out of a water loss and resulting damage at the SUBJECT

23  PROPERTY, which occurred on or about January 13, 2017 (the "INCIDENT").

24      8.   Investigation determined that a NIBCO branded water valve (the "VALVE"), sold as

25  part number "NBIC S1710 CB 1 SWT BAL VLV", made, supplied, distributed, sold, branded,

26  and/or placed into the steam of commerce by NIBCO, failed causing water damage to the

27  SUBJECT PROPERTY.

28      9.   At all relevant times, the VALVE was used in a customary, normal, and

                                        2

                            Complaint for Property Damage

1    foreseeable manner by Plaintiff's INSUREDS.

2           10.  At all relevant times, NIBCO designed, approved, recommended, manufactured,

3    assembled, built, tested, inspected, marketed, distributed, contracted for manufacture and/or

4    distribution, and/or sold the water valve and/or component parts, such as the one owned and used

5    by the INSUREDS.

6           11.  At all relevant times, the VALVE was marked and embossed with the "NIBCO"

7    name and was marketed, sold, distributed, and/or supplied as a "NIBCO" product.

8           12.  The water loss was determined to have been caused by the "NIBCO" VALVE, which

9    was defective and unfit for its intended use.

10          13.  Upon information and belief, the INCIDENT occurred due to a defect in the VALVE

11   which resulted in an uncontrolled release of water at the SUBJECT PROPERTY.

12          14.  Upon information and belief, the subject VALVE was purchased at and sold by

13   WESTERN NEVADA for installation at the SUBJECT PROPERTY.

14          15.  The INCIDENT caused extensive damage to the SUBJECT PROPERTY and resulted

15   in expenses related to repair of the structure, replacement and cleaning of the contents in the

16   dwelling and related additional living expenses incurred by the INSUREDS as well as additional

17   damages to be proven at trial.

18          16.     Pursuant to their policy of insurance with AIG, the INSUREDS made a claim

19   seeking indemnification and reimbursement for damages resulting from the INCIDENT.

20   Accordingly, AIG was required to and did pay its INSUREDS the amount of $2,883,125.65 for

21   damages resulting from the INCIDENT.

22          17.  In consideration of AIG's payments, the INSUREDS subrogated to AIG all rights,

23   claims and interests that they may have against any person or entity that may be liable for

24   causing the reimbursed damages that resulted from the INCIDENT

25   ///

26   ///

27   ///

28   ///

3

Complaint for Property Damage

### FIRST CAUSE OF ACTION

(Negligence against DEFENDANTS NIBCO, INC., WESTERN NEVADA SUPPLY and
DOES 1 through 25, and Each of Them)

18.  Plaintiff incorporates by reference the allegations of Paragraphs One (1) through Seventeen (17) of this Complaint as though fully set forth herein.

19.  At all relevant times, DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of them, were under a duty to exercise reasonable care to avoid exposing the INSUREDS and their property to a foreseeable risk of harm.

20.  DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of them, knew or should have known that failure to properly design, manufacture, test, and/or inspect the VALVE and/or component parts, increases the risk of water loss to the INSUREDS' property should the VALVE and/or component parts fail.

21. Notwithstanding said duties, DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of them, were guilty of one or more of the following acts or omissions:

    1)  Carelessly and negligently failed to properly design the VALVE and/or component parts;

    2)  Carelessly and negligently failed to properly manufacture the VALVE and/or component parts;

    3)  Carelessly and negligently failed to properly inspect the VALVE and/or component parts;

    4)  Carelessly and negligently failed to properly test the VALVE and/or component parts;

    5)  Carelessly and negligently failed to select materials fit for their intended use in the VALVE and/or component parts; .

    6)  Careless and negligently placed a defective VALVE into the stream of commerce; and;

    7)  Were otherwise careless and negligent in the design, manufacture, inspection,

4

1    and testing of the VALVE and/or component parts.

2    22. The negligence of DEFENDANTS NIBCO, WESTERN NEVADA, and DOES 1

3    through 25, and each of them, was a substantial factor in damaging the INSUREDS' property.

4    23. As a direct and proximate result of the DEFENDANTS' negligence, Plaintiff suffered

5    damages, including costs of repair, construction, content replacement, associated living expenses

6    and property damage in the amount of Two Million Eight Hundred Eighty-Three Thousand One

7    Hundred Twenty Five Dollars and 65/100 ($2,883,125.65), together with costs, interest,

8    expenses and reasonable attorneys' fees allowed by law.

9    **SECOND CAUSE OF ACTION**

10   **(Strict Products Liability against DEFENDANTS NIBCO, WESTERN NEVADA SUPPLY**

11   **and DOES 1 through 25, and Each of Them)**

12   24. Plaintiff incorporates by reference the allegations of paragraph One (1) through

13   Twenty-Three (23) of this Complaint as though fully set forth herein.

14   25. At all relevant times, DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1

15   through 25, and each of them, were in the business of designing, manufacturing, assembling,

16   testing, advertising, marketing, distributing, selling, servicing, and/or placing products into the

17   stream of commerce such as water valves and associated plumbing supplies, such as the VALVE

18   and/or component parts used by the INSUREDS at the SUBJECT PROPERTY.

19   26. The VALVE and/or component parts, were expected to reach the general

20   public and consumers in the condition in which it was designed, manufactured, assembled,

21   tested, marketed, distributed, supplied, merchandised, advertised, branded, and/or sold.

22   27. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25 knew or had

23   reason to know that the purchaser and user of the VALVE would rely on the skill and judgment

24   of the DEFENDANTS in their sale, manufacture, and distribution of the VALVE and that the

25   VALVE and/or component parts would be used by consumers without inspection for defects.

26   28. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25 had a

27   duty not to manufacture, sell, and/or supply products, including the products in question, in a

28   defective condition that was unreasonably dangerous when used in a reasonably foreseeable way,

5

Complaint for Property Damage

29. At all relevant times, the VALVE and/or component parts were used in a reasonably foreseeable way.

30. The VALVE and/or component parts were defective at the time they left DEFENDANTS' exclusive possession and control in one or more of the following ways:

    1) The VALVE and/or component parts were defective in their design in that they did not perform as intended and in fact failed;

    2) The VALVE and/or component parts contained manufacturing defects in that the they differed from the manufacturer's design or specifications or from typical units of the same product line;

    3) The materials accompanying the VALVE and/or component parts failed to adequately warn consumers of possible water losses;

    4) The VALVE and/or component parts were designed, manufactured, and/or assembled with materials insufficient for foreseeable use;

    5) The VALVE and/or component parts were otherwise designed, manufactured, sold, supplied, and distributed in such a way as to introduce into the stream of commerce and provide its intended users with an unreasonably dangerous and defective product.

31. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, failed to provide a non-defective and safe product by failing to properly design, manufacture, style, assemble, install, construct, advertise, promote, import, sell and distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent possible water losses.

32. Said defects, failure to provide a safe and non-defective product, and/or take all other necessary precautions to prevent such water loss was a substantial factor in causing extensive damage to the property owned by the INSUREDS as a result of the water loss as alleged herein.

33. As a direct and proximate result of the DEFENDANTS' defective product being introduced into the stream of commerce, Plaintiff suffered damages, including costs of repair, construction, content replacement, associated living expenses and property damage in the amount of Two Million Eight Hundred Eighty- Three Thousand One Hundred Twenty- Five

6

Complaint for Property Damage

1   Dollars and 65/100 ($2,883,125.65), together with costs, interest, expenses and reasonable
2   attorneys' fees allowed by law.

3

4   ### THIRD CAUSE OF ACTION
5   (Breach of Implied Warranties against DEFENDANTS NIBCO, WESTERN NEVADA
6   SUPPLY and DOES 1 through 25, and Each of Them)
7      34. Plaintiff incorporates by reference the allegations of paragraphs One (1) through
8   Thirty-Three (33) of this Complaint as though fully set forth herein.
9      35. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of
10  them, were in the business of advertising, promoting, importing, selling, manufacturing, selling,
11  supplying, servicing, and/or distributing consumer products such as water valves and their
12  component parts to the general public, including the VALVE.
13     36. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of
14  them, knew or had reason to know that the INSUREDS would rely on the skills and judgment of
15  the DEFENDANTS in its purchase and use of the VALVE and/or component parts.
16     37. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of
17  them, impliedly warranted that the VALVE and/or component parts were proper and fit for the
18  purposes intended.
19     38. DEFENDANTS NIBCO, WESTERN NEVADA and DOES through 25, and each of
20  them, knew or had reason to know that the INSUREDS would use the VALVE and/or
21  component parts for their ordinary purpose.
22     39. The VALVE and/or component parts were not fit for ordinary purposes for
23  which such water valves and component parts are used and were defective, in that they caused
24  the INCIDENT and resulting loss as a result of defects as set forth herein.
25     40. DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of
26  them, were notified of the defective condition of the VALVE within a reasonable time after the
27  defects were determined.
28     41. As a direct and proximate cause of the breach of said implied warranties by

7

Complaint for Property Damage

1   DEFENDANTS NIBCO, WESTERN NEVADA and DOES 1 through 25, and each of them,

2   Plaintiff suffered damages, including costs of repair, construction, content replacement,

3   associated living expenses and property damage in the amount of Two Million Eight Hundred

4   Eighty- Three Thousand One Hundred Twenty- Five Dollars and 65/100 ($2,883,125.65),

5   together with costs, interest, expenses and reasonable attorneys' fees allowed by law.

6

7        WHEREFORE, Plaintiff prays for judgment against all DEFENDANTS and each of them

8   as set forth below:

9        1.      For monetary damages in an amount to be proven at trial, which may exceed Two

10  Million Eight Hundred Eighty- Three Thousand One Hundred Twenty- Five Dollars and 65/100

11  ($2,883,125.65);

12       2.      For prejudgment interest in accordance with California Civil Code § 3287;

13       3.      For attorneys' fees and cost of suit; and

14       4.      For such other relief as the Court deems just and proper.

15

16

17  Dated this 19ᵗʰ day of December, 2019              **GROTEFELD HOFFMANN**

18

19

20

21                                                  David Kestenbaum
                                                    Attorneys for Plaintiff
22                                                  AIG PROPERTY CASUALTY COMPANY
                                                    A/S/O KEVIN DOUGLAS AND
23                                                  MICHELLE DOUGLAS

24

25

26

27

28

                                    8

                          Complaint for Property Damage